UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| TARGETED JUSTICE INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:24-cv-00017 |
| OFFICE OF THE INSPECTOR GENERAL, | § § § § | |
| Defendant. | § § | |

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant Office of the Inspector General ("OIG") moves for a protective order pursuant to Fed. R. Civ. P. 26(c) and respectfully requests that the Court stay discovery until after the OIG files a motion for summary judgment and allow discovery, which is rare and disfavored in a FOIA suit, only if Plaintiff establishes that such discovery is appropriate.

### NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed this case on March 30, 2024 (ECF No. 1), alleging claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and service was perfected on June 5, 2024. Defendant answered on July 3, 2024 (ECF No. 9). Plaintiff served discovery requests on Defendant on July 29, 2024. Defendant now moves for a protective order.

### STANDARD OF REVIEW

A grant of a discovery order is reviewed for abuse of discretion. *Negley v. F.B.I.*, 589 F. App'x 726, 732 (5th Cir. 2014) (internal citations omitted).

## ARGUMENT

"Discovery is 'generally inappropriate' in FOIA cases." *Brewer v. United States Dep't of Just.*, No. 3:18-CV-1018-B-BH, 2019 WL 3948351, at *5 (N.D. Tex. July 30, 2019), report and recommendation adopted, No. 3:18-CV-1018-B, 2019 WL 3947132 (N.D. Tex. Aug. 21, 2019) (citing, *e.g.*, *Negley v. F.B.I.*, 589 F. App'x 726, 732 (5th Cir. 2014)); *see also Thomas v. Dep't of Health & Hum. Servs., Food & Drug Admin.*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008) ("[D]iscovery is an extraordinary procedure in a FOIA action . . . ."); *Freedom Watch, Inc. v. United States Dep't of State*, 179 F. Supp. 3d 121, 127 (D.D.C. 2016) ("[D]iscovery is generally inappropriate in a FOIA case.") (internal citations omitted); *Jud. Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) (same).

As a general rule, courts disallow discovery in FOIA actions or permit discovery, "when deemed necessary, only on a limited basis." *Jobe v. Nat'l Transportation Safety Bd.*, No. CV 18-10547, 2019 WL 13222971, at *1 (E.D. La. Aug. 29, 2019) (citing *Wheeler v. C.I.A.*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003)). If discovery is allowed in a FOIA action, it is deemed appropriate "only after the agency has moved for summary judgment and submitted supporting affidavits or declarations." *Id.* (citing *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993)). Accordingly, "[i]t is within a district court's sound discretion to halt discovery in a FOIA case until after action on a motion for summary judgment." *Negley*, 589 F. App'x at 732 (affirming protective order halting discovery in FOIA case) (internal citations omitted).

Even after a motion for summary judgment is filed in a FOIA case, discovery is not automatically allowed. "Courts typically do not compel FOIA discovery 'until the government has first had a chance to provide the court with the information necessary to make a decision

2

on the applicable exemptions.'" *Physicians ACO, LLC v. Burwell*, No. 4:15-CV-00803, 2017 WL 3288057, at *3 (S.D. Tex. Aug. 1, 2017), aff'd sub nom. *Physician ACO, Ltd. Liab. Corp. v. Azar*, 756 F. App'x 457 (5th Cir. 2019) (denying motion to compel discovery in FOIA suit). Discovery is typically "not allowed at all if the Court is satisfied that the affidavits/declarations submitted by the agency are sufficiently detailed, non-conclusory, and submitted in good faith." *Id.* (citing *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200-02 (D.C. Cir. 1991)). Since "[d]iscovery relating to the agency's search . . . generally is unnecessary if the agency's submissions are adequate on their face, . . . a district court may *forgo discovery* and award summary judgment on the basis of submitted affidavits or declarations." *Exxon Mobil Corp. v. U.S. Dep't of Interior*, No. CIV.A. 09-6732, 2010 WL 4668452, at *5 (E.D. La. Nov. 4, 2010), objections overruled, No. CIV.A. 09-6732, 2011 WL 39034 (E.D. La. Jan. 3, 2011) (citing *Wood v. Fed. Bureau of Investig.*, 432 F.3d 78, 85 (3d Cir. 2005)) (emphasis added). "To justify discovery after an agency has submitted facially adequate declarations, the requester *must show bad faith* or tangible evidence that summary judgment is inappropriate." *Id.* (citing *Hardy v. U.S. Dep't of Def.*, No. CV-99-523-TUC-FRZ, 2001 WL 34354945, at *4 (D. Ariz. Aug. 27, 2001)) (emphasis added); *see also Perez v. Holder*, No. 2:12-CV-2924, 2015 WL 4094692, at *3 (W.D. La. Apr. 1, 2015), report and recommendation adopted, No. 2:12-CV-2924, 2015 WL 4112518 (W.D. La. July 7, 2015) ("Courts permit discovery in FOIA cases only where a 'plaintiff has made a sufficient showing that the agency acted in bad faith.'") (citing *Voinche v. FBI*, 412 F.Supp.2d 60, 72 (D.D.C.2006)).

Here, discovery should be stayed unless and until Plaintiff—after the OIG has moved for summary judgment—meets its burden of showing bad faith. *See Jobe*, No. CV 18-10547, 2019 WL 13222971, at *1.

## CONCLUSION

For the foregoing reasons, Defendant Office of the Inspector General moves for a protective order pursuant to Fed. R. Civ. P. 26(c), staying discovery until after the OIG files a motion for summary judgment and until the Court determines that Plaintiff has shown such discovery is appropriate.

Dated: August 2, 2024.                                 Respectfully submitted,

                                                ALAMDAR S. HAMDANI
                                                UNITED STATES ATTORNEY

By: */s/Lander B. Baiamonte*
     LANDER B. BAIAMONTE
     Assistant United States Attorney
     Southern District of Texas No.: 3312493
     Texas State Bar No.: 24103831
     800 N. Shoreline Blvd., Suite 500
     Corpus Christi, TX 78401
     Telephone No.: (361) 888.3111
     Facsimile No.: (361) 888.3200
     E-Mail: lander.baiamonte@usdoj.gov
     **ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF CONFERENCE**

I certify that on August 2, 2024, I conferred via email with counsel for Plaintiff. Plaintiff opposes the foregoing motion.

/s/ Lander B. Baiamonte
Lander B. Baiamonte
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that on August 2, 2024, the foregoing was filed and served on counsel for Plaintiff via the Court's CM/ECF service.

/s/ Lander B. Baiamonte
Lander B. Baiamonte
Assistant United States Attorney