UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **TARGETED JUSTICE INC.,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 6:24-cv-00017 |
| | § | |
| **OFFICE OF THE INSPECTOR GENERAL, UNITED STATES DEPARTMENT OF JUSTICE** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant Office of the Inspector General ("OIG") moves for a protective order pursuant to Fed. R. Civ. P. 26(c) and respectfully requests that the Court stay discovery until after the OIG files a motion for summary judgment and only allow discovery—which is rare and disfavored in a FOIA suit—if Plaintiff establishes that such discovery is appropriate.

**NATURE AND STAGE OF THE PROCEEDING**

Plaintiff filed this case on March 30, 2024 (ECF No. 1), alleging claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and service was perfected on June 5, 2024. Defendant answered on July 3, 2024 (ECF No. 9). Plaintiff served discovery requests on Defendant on July 29, 2024, which it subsequently withdrew following Defendant filing a motion for protective order at the initial pretrial scheduling conference on August 19, 2024. On August 14, 2024, Defendant provided a partial response to Plaintiff's FOIA request. *See* Exhibit 1. On September 11, 2024, Defendant completed its search and propounded the results to Plaintiff. *See* Exhibit 2. The Court held a status conference on October 2, 2024, where Defendant informed the Court it had completed its search and intended to file a motion for summary

1

judgment. On October 22, 2024, Plaintiff served Defendant with written discovery. *See* Exhibit 3.

## STANDARD OF REVIEW

A grant of a discovery order is reviewed for abuse of discretion. *Negley v. F.B.I.*, 589 F. App'x 726, 732 (5th Cir. 2014) (internal citations omitted).

## ARGUMENT

"Discovery is 'generally inappropriate' in FOIA cases." *Brewer v. United States Dep't of Just.*, No. 3:18-CV-1018-B-BH, 2019 WL 3948351, at *5 (N.D. Tex. July 30, 2019), report and recommendation adopted, No. 3:18-CV-1018-B, 2019 WL 3947132 (N.D. Tex. Aug. 21, 2019) (citing, *e.g.*, *Negley v. F.B.I.*, 589 F. App'x 726, 732 (5th Cir. 2014)); *see also Thomas v. Dep't of Health & Hum. Servs., Food & Drug Admin.*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008) ("[D]iscovery is an extraordinary procedure in a FOIA action . . . ."); *Freedom Watch, Inc. v. United States Dep't of State*, 179 F. Supp. 3d 121, 127 (D.D.C. 2016) ("[D]iscovery is generally inappropriate in a FOIA case.") (internal citations omitted); *Jud. Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) (same).

As a general rule, courts disallow discovery in FOIA actions or permit discovery, "when deemed necessary, only on a limited basis." *Jobe v. Nat'l Transportation Safety Bd.*, No. CV 18-10547, 2019 WL 13222971, at *1 (E.D. La. Aug. 29, 2019) (citing *Wheeler v. C.I.A.*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003)). If discovery is allowed in a FOIA action, it is deemed appropriate "only after the agency has moved for summary judgment and submitted supporting affidavits or declarations." *Id*. (citing *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993)). Accordingly, "[i]t is within a district court's sound discretion to halt discovery in a FOIA case until after action on a motion for summary judgement." *Targeted Just., Inc. v. F.B.I.,* No. 6:24-CV-

00005, 2024 WL 3223672, at *2 (S.D. Tex. June 4, 2024) (citing *Negley*, 589 F. App'x at 732).

Even after a motion for summary judgment is filed in a FOIA case, discovery is not automatically allowed. "Courts typically do not compel FOIA discovery until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions.'" *Physicians ACO, LLC v. Burwell*, No. 4:15-CV-00803, 2017 WL 3288057, at *3 (S.D. Tex. Aug. 1, 2017), aff'd sub nom. *Physician ACO, Ltd. Liab. Corp. v. Azar*, 756 F. App'x 457 (5th Cir. 2019) (denying motion to compel discovery in FOIA suit). Discovery is typically "not allowed at all if the Court is satisfied that the affidavits/declarations submitted by the agency are sufficiently detailed, non-conclusory, and submitted in good faith." *Id*. (citing *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200-02 (D.C. Cir. 1991)). Since "[d]iscovery relating to the agency's search . . . generally is unnecessary if the agency's submissions are adequate on their face, . . . a district court may *forgo discovery* and award summary judgment on the basis of submitted affidavits or declarations." *Exxon Mobil Corp. v. U.S. Dep't of Interior*, No. CIV.A. 09-6732, 2010 WL 4668452, at *5 (E.D. La. Nov. 4, 2010), objections overruled, No. CIV.A. 09-6732, 2011 WL 39034 (E.D. La. Jan. 3, 2011) (citing *Wood v. F.B.I.*, 432 F.3d 78, 85 (3d Cir. 2005)) (emphasis added). "To justify discovery after an agency has submitted facially adequate declarations, the requester *must show bad faith* or tangible evidence that summary judgment is inappropriate." *Id*. (citing *Hardy v. U.S. Dep't of Def.*, No. CV-99-523-TUC-FRZ, 2001 WL 34354945, at *4 (D. Ariz. Aug. 27, 2001)) (emphasis added); *see also Perez v. Holder*, No. 2:12-CV-2924, 2015 WL 4094692, at *3 (W.D. La. Apr. 1, 2015), report and recommendation adopted, No. 2:12-CV-2924, 2015 WL 4112518 (W.D. La. July 7, 2015) ("Courts permit discovery in FOIA cases only where a 'plaintiff has made a sufficient showing that the agency acted in bad faith.'") (citing *Voinche v. F.B.I.*, 412 F.Supp.2d 60, 72

(D.D.C.2006)).

Here, Plaintiff's discovery seeks detailed information from the withheld records. "Allowing Plaintiff to conduct this discovery before Defendant files a motion for summary judgement would essentially provide the relief it seeks through this lawsuit. Only after Defendant files a motion for summary judgment and supporting affidavits will the Court have the information necessary to appropriately limit the scope of discovery or forgo it entirely." *Targeted Just., Inc. v. F.B.I.,* No. 6:24-CV-00005, 2024 WL 3223672, at *2 (S.D. Tex. June 4, 2024). Thus, discovery should be stayed unless and until Plaintiff—after the OIG has moved for summary judgment—meets its burden of showing bad faith. *See Jobe*, No. CV 18-10547, 2019 WL 13222971, at *1.

## CONCLUSION

For the foregoing reasons, Defendant Office of the Inspector General moves for a protective order pursuant to Fed. R. Civ. P. 26(c), staying discovery until after the OIG files a motion for summary judgment and until the Court determines that Plaintiff has shown such discovery is appropriate.

Dated: November 19, 2024.     Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By: /s/*Lander B. Baiamonte*
     LANDER B. BAIAMONTE
     Assistant United States Attorney
     SDTX No.: 3312493
     Texas State Bar No.: 24103831
     800 N. Shoreline Blvd., Suite 500
     Corpus Christi, TX 78401
     Telephone No.: (361) 888.3111
     Facsimile No.: (361) 888.3200
     E-Mail: lander.baiamonte@usdoj.gov

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I certify that on November 18, 2024, I conferred via email with counsel for Plaintiff. Plaintiff opposes the foregoing motion.

*/s/ Lander B. Baiamonte*
Lander B. Baiamonte
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on November 20, 2024, the foregoing was filed and served on counsel for Plaintiff via the Court's CM/ECF service.

*/s/ Lander B. Baiamonte*
Lander B. Baiamonte
Assistant United States Attorney